IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| TREVOR SANDERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| CLINT SHRUM, in his official capacity as Sheriff of Grundy County in his individual capacity; T.J. BEAN, in his official capacity and individual capacity; OFFICER JANE DOE, in her official and individual capacity; DEIDRE HELTON, in her official and individual capacity; ADAM FLOYD, in his official and individual capacity; JESSIE KINSEY, in her official and individual capacity; GRUNDY COUNTY BOARD OF EDUCATION; CRYSTAL STIEFEL; DANIEL RICHARDSON and JAMIE RICHARDSON. | ) CIVIL ACTION NO. 4:18-CV-59<br>)<br>) JURY DEMAND |
| Defendants. | ) |

## **A N S W E R**

Come the Defendants, Daniel Richardson and Jamie Richardson, by and through their undersigned counsel, and for answer to the Complaint filed against them in this cause, would respond as follows:

1. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 1 of the Complaint, and therefore, neither admit nor deny the same, but demand strict proof thereof if the same are material, except that these Defendants deny that the Plaintiff was arrested and jailed for merely exercising his constitutional right to speak on a matter of public importance.

2. Upon information and belief, these Defendants admit the allegations contained in Paragraph 2 of the Complaint.

3. These Defendants admit the allegations contained in Paragraph 3 of the Complaint.

4. The allegations contained in Paragraphs 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, and 17, are not addressed or directed to these Defendants, and therefore, no response is required. To the extent any allegations in these Paragraphs are directed at these Defendants and a response is required to any allegations in these paragraphs, these Defendants deny such allegations.

5. With respect to the allegations contained in Paragraph 18 of the Complaint, these Defendants adopt and incorporate their answers to the preceding paragraphs of the Complaint as set forth above.

6. These Defendants deny the allegations contained in Paragraph 19 of the Complaint as they relate to these Defendants.

7. With respect to the allegations contained in Paragraph 20 of the Complaint, these Defendants admit that they are residents of the State of Tennessee and of the Eastern District of the State of Tennessee.

8. With respect to the allegations contained in Paragraph 21 of the Complaint, these Defendants deny that they committed any tortuous conduct with respect to the Plaintiff.

9. With respect to the allegations contained in Paragraphs 22, 23, 24, 25, 26, 27, 28 and 29, these Defendants are without sufficient knowledge to admit or deny such allegations, and therefore, demand proof of the same if the same are deemed to be material.

10. With respect to the allegations contained in Paragraphs 30, 31, 32, 33, 34, 35, 36, 37, 38 and 39 of the Complaint, those allegations are not directed at these Defendants, and therefore, no response by these Defendants is required.

11. With respect to the allegations contained in Paragraphs 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, and 54 of the Complaint, those allegations are not directed at these Defendants, and therefore no response by these Defendants is required.

12. With respect to the allegations contained in Paragraphs 55, 56, 57, and 58, these Defendants are without sufficient knowledge to admit or deny such allegations, and therefore demand proof of the same if the same are deemed to be material.

13. With respect to the allegations contained in Paragraphs 59 and 60 of the Complaint, these Defendants admit that the Defendant, Daniel Richardson, met with Defendant Stiefel and that Mr. Richardson signed an Affidavit of Complaint with respect to the Plaintiff, which resulted in an arrest warrant being issued for him. These Defendants deny that Jamie Richardson met with Defendant Stiefel.

14. These Defendants deny the allegations contained in Paragraph 61 of the Complaint, and would state that the statements contained in the Affidavit of Complaint signed by the Defendant, Daniel Richardson, were and are true and correct.

15. These Defendants deny the allegations contained in Paragraph 62 and 63 of the Complaint.

16. These Defendants admit the allegations contained in Paragraph 64 of the Complaint.

17. These Defendants deny the allegations contained in Paragraph 65 of the Complaint.

18. These Defendants admit the allegations contained in Paragraph 66 of the Complaint that allege that Plaintiff never spoke to these Defendants' daughter, but deny the remaining allegation of Paragraph 66 of the Complaint.

19. Upon information and belief, these Defendants admit the allegations contained in Paragraph 67 of the Complaint.

20. With respect to the allegations contained in Paragraph 68 of the Complaint, those allegations are not directed at these Defendants, and therefore, no response by these Defendants is required, except that these Defendants deny that the arrest warrant was facially deficient and unlawful.

21. These Defendants deny the allegations contained in Paragraph 69 of the Complaint.

22. These Defendants are without sufficient information to admit or deny the allegations contained in Paragraphs 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, and 88, of the Complaint, and therefore, these Defendants neither admit nor deny the same, but demand strict proof thereof if the same are deemed material.

23. These Defendants deny the allegations contained in Paragraph 89 of the Complaint.

24. The allegations contained in Paragraphs 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, and 108, of the Complaint are not directed at these Defendants, and therefore, no response is necessary by these Defendants.

25. With respect to the allegations contained in 109, 110, and 111 of the Complaint, those allegations are not directed at these Defendants, therefore, no response is necessary by these Defendants.

26. With respect to the allegations contained in Paragraph 112 of the Complaint, these Defendants would state that the Defendant, Jamie Richardson, has not been reprimanded for any acts against the Plaintiff, and further deny that any acts that she has committed would justify any type of reprimand.

27. With respect to the allegations contained in Paragraphs 113 and 114 of the Complaint, these allegations are not directed at these Defendants, and therefore, no response by these Defendants is required.

28. With respect to the allegations contained in Paragraph 115 of the Complaint, these Defendants adopt and incorporate herein by reference all of their answers and responses to the preceding paragraphs of the Complaint.

29. With respect to the allegations contained in Paragraphs 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, and 140, these allegations are not directed at these Defendants, and therefore, no response is necessary by these Defendants.

30. With respect to the allegations contained in Paragraph 141 of the Complaint, these Defendants adopt and incorporate by reference their answers and responses to the preceding paragraphs of the Complaint.

31. With respect to the allegations contained in Paragraphs 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, and 157, those allegations are not directed at these Defendants, and therefore, no response is necessary, except that these Defendants deny wrong doing on behalf of any Defendants and deny any damages suffered by the Plaintiff.

32. With respect to the allegations contained in Paragraph 158 of the Complaint, these Defendants adopt and incorporate herein by reference their answers and responses to all preceding paragraphs of the Complaint as set forth above.

33. These Defendants deny the allegations contained in Paragraph 159 of the Complaint.

34. The allegations of Paragraph 160 of the Complaint are not directed at these Defendants, therefore, no response by these Defendants is required.

35. With respect to the allegations contained in Paragraph 161 of the Complaint, these Defendants deny that the Plaintiff was arrested without cause.

36. With respect to the allegations contained in Paragraphs 162 and 163 of the Complaint, these Defendants deny that the Plaintiff was unlawfully arrested.

37. The allegations contained in Paragraph 164 of the Complaint are not directed at these Defendants, and therefore, no response is required by these Defendants.

38. These Defendants deny the allegations contained in Paragraph 165 of the Complaint.

39. These Defendants deny the allegations contained in Paragraphs 166, 167, 168, and 169 of the Complaint.

40. The allegations contained in Paragraph 170 of the Complaint are not directed at these Defendants, and therefore, no response by these Defendants is required.

41. With respect to the allegations contained in Paragraph 171 of the Complaint, these Defendants deny that the Plaintiff has sustained damages.

42. These Defendants deny the allegations contained in Paragraph 172 of the Complaint.

43. With respect to the allegations contained in Paragraph 173 of the Complaint, these Defendants adopt and incorporate herein by reference all responses and answers to the preceding paragraphs of the Complaint as set forth above.

44. With respect to the allegations contained in Paragraphs 174, 175, 176, 177, 178, 179, 180, 181, 182, 183 and 184 of the Complaint, these allegations are not directed at these Defendants, and therefore, no response is required by these Defendants.

45. With respect to the allegations contained in Paragraph 185 of the Complaint, these Defendants adopt and incorporate herein by reference all of their answers and responses to the preceding paragraphs of the Complaint as set forth above.

46. These Defendants deny the allegations contained in Paragraphs 186, and 187 of the Complaint, except that the Defendant, Daniel Richardson, did advise law enforcement that the Plaintiff had harassed his daughter, which was a true statement.

47. These Defendants deny the allegations contained in Paragraph 188 of the Complaint, except that these Defendants do admit that the Defendant, Daniel Richardson, advised law enforcement that the Plaintiff had harassed his daughter.

48. These Defendants deny the allegations contained in Paragraphs 189, 190, 191, 192, 193, 194, and 195.

49. Any and all other allegations contained in the Complaint not hereinabove admitted, denied or explained, are now and hereby generally denied as if specifically denied.

50. These Defendants further deny that the Plaintiff is entitled to a Judgment against these Defendants for any cause of action whatsoever, and deny that these Defendants have engaged in any wrongful conduct towards the Plaintiff. Further, the claims against these Defendants are false and frivolous.

51. These Defendants further deny that the Plaintiff has sustained damages and deny that the Plaintiff is entitled to any judgment against these Defendants for any damages whatsover.

52. Wherefore, these Defendants pray that this cause of action be dismissed as to them and that they be awarded their attorney fees and expenses in defending this frivolous claim.

53. These Defendants demand a jury of twelve (12) persons to try the issues in this cause.

This the 11th day of December, 2018.

        **ATTORNEYS GREER, SWAFFORD & ADAMS**
        P.O. Box 758
        Dunlap, Tennessee 37327
        (423) 949-3621

    BY:/s/ Stephen T. Greer
        Stephen T. Greer, BPR #2422
        Attorney for Defendants,
        Daniel Richardson and Jamie Richardson

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served on the following counsel of record or unrepresented parties in the manner of service indicated below:

☒ By placing postage prepaid envelope in United States Mail Service, addressed to:

J. Alex Little, Esquire, BPR#029858
Zachary C. Lawson, Esquire, BPR #036092
Bone, McAllester, Norton, PLLC
Attorneys for Plaintiff
Suite 1600, 511 Union Street
Nashville, TN 37219

Thomas E. LeQuire, Esquire
B. Thomas Hickey, Jr., Esquire
Spicer Rudstrom, PLLC
Attorneys for Remaining Defendants
Suite 203, 537 Market Street
Chattanooga, TN 37402-1241

☐ By placing document in third party express delivery carrier, i.e., Federal Express, for overnight delivery to the following counsel of record or unrepresented parties:

☐ By sending document via facsimile to:

☐ By sending document via email to:

☐ By causing the foregoing to be hand delivered to counsel of record or unrepresented parties at the following address on this ____ day of _____, 20__;

This the 11th day of December, 2018.

**ATTORNEYS GREER, SWAFFORD & ADAMS**
P. O. Box 758
Dunlap, TN 37327
(423) 949-3621

BY:/s/ Stephen T. Greer

lit\richardson daniel (vs sanders) - answer