# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### WINCHESTER DIVISION

| | | |
|---|---|---|
| TREVOR SANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:18-cv-00059 |
| | ) | |
| v. | ) | **JURY DEMAND (12)** |
| | ) | |
| CLINT SHRUM, in his official capacity as | ) | |
| Sheriff of Grundy County and in his individual | ) | |
| capacity; T.J. BEAN, in his official capacity and | ) | |
| individual capacity; OFFICER JANE DOE, | ) | |
| in her official and individual capacity; | ) | |
| DEIDRE HELTON, in her official and individual | ) | |
| capacity; ADAM FLOYD, in his official and | ) | |
| individual capacity; JESSIE KINSEY, | ) | |
| in her official and individual capacity; | ) | |
| GRUNDY COUNTY BOARD OF EDUCATION; | ) | |
| CRYSTAL STIEFEL; DANIEL RICHARDSON; | ) | |
| and JAMIE RICHARDSON, | ) | |
| | ) | |
| Defendants. | ) | |

---

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO AMEND

---

Defendants Shrum, Helton, Floyd, Kimsey, Grundy County and Stiefel (hereinafter referred to as "Defendants" unless otherwise specifically identified), by and through counsel, and pursuant to Rule 15 of the *Federal Rules of Civil Procedure* file with the Court their Brief in support of their Motion to Amend as follows:

The above-styled case is a claim for damages based on alleged First Amendment, Fourth Amendment, and other constitutional deprivations as well as state law causes of action. The trial in the above-styled has recently been scheduled for August 24, 2020. Discovery remains open and no depositions have been taken. Additionally, the Court has recently entered an Order amending the Scheduling Order [Doc. 51] in which timelines and deadlines for the competition

of pretrial discovery has been extended, to include the deadline for amending pleadings, which is not set to expire until February 3, 2020.

Defendants have filed with the Court their Motion to Amend and in so doing have newly asserted additional affirmative defenses. Discovery remains open and therefore it is averred that no undue prejudice will result from the amended pleading. In that respect, leave to amend pleadings shall be fully granted when there is no delay in filing, no lack of notice to the opposing party, no bad faith of the moving party, no reputed failures to cure deficiency, no undue prejudice, and amending is not futile. *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001). Defendants aver that none of the limitations, prohibitions or restrictions on amending pleadings will prohibit or serve as a basis for denial of the instant Motion to Amend.

**WHEREFORE**, Defendants respectfully pray that the Court grant them leave of court to file an Amended Answer as more fully set forth in their Motion.

Respectfully submitted,

**SPICER RUDSTROM, PLLC**

By: /s/ B. Thomas Hickey, Jr.
B. Thomas Hickey, Jr., BPR #019195
Thomas E. LeQuire, BPR #06875
Attorneys for Defendants
537 Market Street – Suite 203
Chattanooga, TN 37402-1241
P: (423) 756-0262
F: (423) 756-8489
bth@spicerfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of December, 2019, I electronically filed this document along with any exhibits with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

> J. Alex Little
> alex.little@burr.com
> Zachary C. Lawson
> zlawson@burr.com
> Burr & Forman LLP
> 222 Second Avenue South, Suite 2000
> Nashville, TN 37201
>
> Gregory M. O'Neal
> Law Office of Gregory M. O'Neal
> P. O. Box 555
> Winchester, TN 37398
> gregorymoneal.atty@gmail.com

**SPICER RUDSTROM, PLLC**

BY:     /s/ B. Thomas Hickey, Jr.