# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# WINCHESTER DIVISION

| | | |
|---|---|---|
| TREVOR SANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:18-cv-00059 |
| | ) | |
| v. | ) | **JURY DEMAND (12)** |
| | ) | |
| CLINT SHRUM, in his official capacity as | ) | |
| Sheriff of Grundy County and in his individual | ) | |
| capacity; T.J. BEAN, in his official capacity and | ) | |
| individual capacity; OFFICER JANE DOE, | ) | |
| in her official and individual capacity; | ) | |
| DEIDRE HELTON, in her official and individual | ) | |
| capacity; ADAM FLOYD, in his official and | ) | |
| individual capacity; JESSIE KINSEY, | ) | |
| in her official and individual capacity; | ) | |
| GRUNDY COUNTY BOARD OF EDUCATION; | ) | |
| CRYSTAL STIEFEL; DANIEL RICHARDSON; | ) | |
| and JAMIE RICHARDSON, | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED ANSWER

Defendants Clint Shrum, T.J. Bean, Deidre Helton, Adam Floyd, Jessie Kinsey, Grundy County, and Crystal Stiefel (hereinafter referred to as "Defendants" unless otherwise specifically identified), by and through counsel, file with the Court their Answer to Plaintiff's Complaint as follows:

### FIRST DEFENSE

In response to the individual allegations of Plaintiff's Complaint, Defendants answer as follows:

### INTRODUCTION

1. In response to paragraph 1, Defendants answer as follows:

i. In response to the first sentence of paragraph 1, Defendants admit that Plaintiff had a 3.9 GPA, but the remaining allegations of the first sentence are denied;

ii. The allegations of the second sentence are denied;

iii. In response to the allegations of the third sentence, it is admitted that Plaintiff had a high score on his ACT;

iv. In response to the allegations of the fourth sentence, it is admitted that Plaintiff was a member of the Future Business Leaders of America and participated in the same at the national level;

v. The allegations of the fifth sentence are denied as alleged; and

vi. The allegations of the sixth sentence fail to make an allegation of fact that can either be admitted or denied.

## PARTIES

2. Defendants admit the allegations of paragraph 2.

3. Defendants admit the allegations of paragraph 3.

4. In response to paragraph 4, it is admitted that Defendant Stiefel is a citizen and resident of Grundy County, Tennessee.

5. In response to paragraph 5, it is admitted that Defendant Shrum is a citizen and resident of Grundy County, Tennessee.

6. In response to paragraph 6, it is admitted that Defendant Bean is a citizen and resident of Grundy County, Tennessee.

7. The allegations of paragraph 7 are made against unknown Defendant and no response is required of these Defendants.

8. In response to paragraph 8, it is admitted that Defendant Helton is a citizen and resident of Grundy County, Tennessee.

9. In response to paragraph 9, it is admitted that Defendant Floyd is a citizen and resident of Grundy County, Tennessee.

10. In response to paragraph 10, it is admitted that Defendant Kinsey is a citizen and resident of Grundy County, Tennessee.

11. The allegations of paragraph 11 are admitted.

12. In response to paragraph 12, it is admitted that the Grundy County Board of Education is an existing board in Grundy County, Tennessee.

13. Paragraph 13 is not an allegation of fact but rather a conclusion of law.

14. Paragraph 14 is not an allegation of fact but rather a conclusion of law.

15. Paragraph 15 is not an allegation of fact but rather a conclusion of law.

16. Paragraph 16 fails to make an allegation of fact but rather states a conclusion of law. In further response, Defendants deny the allegations of paragraph 16.

17. Defendants are unable to admit or deny paragraph 17 as the same fails to state what "at all relevant times" means.

## JURISDICTION AND VENUE

18. In response to paragraph 18, Defendants incorporate by reference their answers to paragraphs 1-17 above.

19. In response to the allegations of paragraph 19, Defendants do not object to jurisdiction in this Court.

20. In response to the allegations of paragraph 20, Defendants do not object to personal jurisdiction in this Court.

21. In response to the allegations of paragraph 21, Defendants do not object to venue in this Court but deny any tortious conduct.

## FACTUAL BACKGROUND

### *The Board Changes Academic Honors Policy*

22. In response to the allegations of paragraph 22, it is admitted that at the December 2017 Board meeting updates for the Grundy County High School handbook were referenced; however, upon information and belief there was no policy that prohibited students graduating early to be ranked in the top ten of the graduating class.

23. In response to the allegations of paragraph 23, it is admitted only that the Board voted as indicated in the December 2017 minutes.

24. The allegations of paragraph 24 are denied.

25. The allegations of paragraph 25 are denied.

26. The allegations of paragraph 26 are denied.

27. The allegations of paragraph 27 are denied.

28. The allegations of paragraph 28 are admitted.

29. In response to the allegations of paragraph 29, Defendants lack sufficient information or knowledge to admit or deny the same except that it is denied except that it is denied that "many of the seniors" acted surprised.

### *School Implements Ban on Speech about Valedictorian Policy*

30. In response to the allegations of the first sentence of paragraph 30, it is admitted that Plaintiff made a statement similar in substance to what is contained within the same. In response to the second sentence, it is admitted that Defendant Helton heard the statement by Plaintiff with the remainder of the allegations of paragraph 30 being denied.

31. The allegations of paragraph 31 are denied.

32. In response to paragraph 32, it is admitted that Plaintiff complained about the valedictorian decision. The remaining allegations of paragraph 32 are denied.

33. Upon information and belief, the allegations of paragraph 33 are admitted.

34. The allegations of paragraph 34 are admitted.

35. The allegations of paragraph 35 are denied.

36. The allegations of paragraph 36 are denied.

37. In response to paragraph 37, it is admitted that Plaintiff referenced the First Amendment.

38. Defendants lack sufficient information or knowledge to form a belief as to the veracity of the allegations of paragraph 38.

39. The allegations of paragraph 39 are denied.

### *Plaintiff Is Punished For His Protected Speech*

40. The allegations of paragraph 40 are denied as alleged.

41. The allegations of paragraph 41 are denied.

42. In response to the allegations of paragraph 42, it is admitted that Defendant Kinsey was onsite at the time.

43. The allegations of paragraph 43 are denied as alleged although it is admitted that Defendant Helton had contacted Defendant Kinsey for informational purposes.

44. In response to paragraph 44, it is admitted there was no formal evaluation of Defendant Kinsey. The remaining allegations of paragraph 44 are denied.

45. The allegations of the first sentence of paragraph 45 are admitted. In response to the second sentence of paragraph 45, it is admitted upon information and belief that Plaintiff recorded the meeting.

46. The allegations of paragraph 46 are denied.

47. The allegations of paragraph 45 are denied as alleged.

48. The allegations of paragraph 48 are denied as alleged although it is admitted that Plaintiff received in-school suspension for various matters, to include harassment and insubordination.

49. In response to the allegations of paragraph 49, it is admitted that the same includes a partial quote from the handbook.

50. The allegations of paragraph 50 are denied.

51. In response to paragraph 51, it is admitted that Plaintiff requested that he be allowed to file a complaint.

52. The allegations of paragraph 52 are admitted.

53. On information and belief, the allegations of paragraph 53 are admitted.

54. The allegations of paragraph 54 are denied.

### *Plaintiff Is Arrested And Jailed For His Protected Speech*

55. In response to paragraph 55, it is admitted that Plaintiff posted a video on his Facebook page.

56. Defendants are unable to admit or deny paragraph 56 as the Complaint does not include the referenced document.

57. The allegations of paragraph 57 are denied.

58. The allegations of paragraph 58 are denied.

59. In response to the first sentence of paragraph 59, it is admitted that Defendant Stiefel went to the courthouse regarding the potential issuance of an arrest warrant and that Defendant Daniel Richardson was there but it is denied that Defendant Jamie Richardson was present. The allegations of the second sentence of paragraph 59 are denied.

60. In response to the allegations of paragraph 60, it is admitted that Defendant Daniel Richardson signed an Affidavit.

61. The allegations of paragraph 61 are denied.

62. The allegations of paragraph 62 are denied.

63. The allegations of paragraph 63 are denied.

64. In response to paragraph 64, it is admitted that the same is an accurate quote from the warrant.

65. The allegations of paragraph 65 are denied.

66. In response to paragraph 66, Defendants are not able at this time to admit or deny whether or not Plaintiff spoke directly to Defendants' Richardson's daughter or in her presence. The remaining allegations of paragraph 66 are denied.

67. Upon information and belief the allegations of paragraph 67 are admitted.

68. The allegations of paragraph 68 are denied.

69. The allegations of paragraph 69 are denied. It is further denied that Plaintiff's arrest was unlawful.

70. The allegations of paragraph 70 are denied.

71. Defendants lack sufficient information or knowledge to form a belief as to the veracity of the allegations of paragraph 71.

72. In response to the allegations of paragraph 72, it is admitted on information and belief that Plaintiff was arrested at his grandmother's house.

73. The allegations of paragraph 73 are admitted.

74. In response to the allegations of paragraph 74, it is admitted that Plaintiff was arrested at his grandmother's house and placed in the back of a patrol vehicle.

75. In response to paragraph 75, the Grundy County Sheriff's Department policy speaks for itself.

76. In response to paragraph 76, it is admitted that Defendant Bean signed the Grundy County Sheriff's Department policy.

77. In response to paragraph 77, it is admitted that no recording was made of Plaintiff's arrest.

78. The allegations of paragraph 78 are denied.

79. The allegations of paragraph 79 are denied.

80. The allegations of paragraph 80 are admitted.

81. The allegations of paragraph 81 are admitted.

82. The allegations of paragraph 82 are admitted.

83. In response to the allegations of paragraph 83, it is admitted that Plaintiff spent the night in jail and did not post bond until the following day. It is further admitted on information and belief that Plaintiff's bond was set at $1,000.00.

84. The allegations of paragraph 84 are denied.

85. The allegations of paragraph 85 are denied.

86. The allegations of paragraph 86 are denied.

87. The allegations of paragraph 87 are denied.

88. In response to the allegations of paragraph 88, Defendants lack sufficient information or knowledge to form a belief as to the veracity of the same but in any event deny being liable for the same.

89. The allegations of paragraph 89 are denied.

*Defendants' Further Retaliation Against Plaintiff For His Protected Speech*

90. Defendants lack sufficient information or knowledge to form a belief as to the veracity of the allegations of paragraph 90 as to what "many people in the community" are or how they felt.

91. The allegations of paragraph 91 are denied.

92. The allegations of paragraph 92 are denied.

93. In response to the allegations of paragraph 93, Defendant Shrum admits that he posted on Facebook as indicated but denies the same was about Plaintiff.

94. The allegations of paragraph 94 are denied.

95. The allegations of paragraph 95 are denied.

96. Defendants are unable to admit or deny the allegations of paragraph 96 as being an accurate statement based on the Facebook post not being attached to the Complaint. In further response, Defendant Shrum admits to issuing a press release regarding Plaintiff's arrest.

97. The allegations of paragraph 97 are denied as alleged.

98. The allegations of paragraph 98 are denied.

99. The allegations of paragraph 99 are denied.

100. The allegations of paragraph 100 are denied.

101. The allegations of paragraph 101 are denied.

102. The allegations of paragraph 102 are denied.

103. The allegations of paragraph 103 are denied.

104. The allegations of paragraph 104 are denied.

105. The allegations of paragraph 105 are denied.

106. The allegations of paragraph 106 are denied.

107. In response to the first sentence of paragraph 107, it is admitted there was a meeting as indicated. In response to the second sentence, it is admitted that Defendant Shrum was present but it is denied that he was speaking on behalf of the school.

108. In response to paragraph 108, it is admitted that Plaintiff would not talk during the meeting.

109. The allegations of paragraph 109 are denied as alleged.

110. Defendants are unable to admit or deny the allegations of the first sentence of paragraph 110. In response to the allegations of the second sentence, it is admitted that the board vote is as indicated in the minutes to the extent there was a vote.

111. In response to paragraph 111, it is admitted that there was no further contact with Plaintiff. In further response, it is denied there was any retaliation for speech as alleged and/or suggested in paragraph 111.

112. In response to the allegations of paragraph 112, it is admitted there were no reprimands as there was no behavior to warrant a reprimand.

113. In response to the allegations of paragraph 113, it is admitted there were no reprimands as there was no behavior to warrant a reprimand.

114. The allegations of paragraph 114 are denied.

## CAUSES OF ACTION

**COUNT I: VIOLATION OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION**
**Pursuant to 42 U.S.C. § 1983**
**(Deidra Helton, in her official and individual capacity; Adam Floyd, in his official and individual capacity; Jessie Kinsey, in her official and individual capacity; Grundy County Board of Education)**

115. Defendants incorporate by reference their answers to paragraphs 1-114 above.

116. Paragraph 116 fails to make an allegation of fact but rather states a conclusion of law.

117. Paragraph 117 fails to make an allegation of fact but rather states a conclusion of law. In further response, it is denied that Plaintiff was not allowed to speak about school policy.

118. Paragraph 118 fails to make an allegation of fact but rather states a conclusion of law. In further response, it is denied that Plaintiff was not allowed to speak about school policy.

119. The allegations of paragraph 119 are denied.

120. The allegations of paragraph 120 are denied as alleged. In further response, it is admitted these Defendants were involved with discipline at the school.

121. In response to paragraph 121, it is admitted that the same contains a partial quote of the referenced Code section.

122. In response to paragraph 122, it is admitted that the same contains a partial quote of the referenced Code section.

123. In response to paragraph 123, the same appears to include an accurate partial statement of what is included within the reference handbook but it is not complete.

124. The allegations of paragraph 124 are denied.

125. The allegations of paragraph 125 are denied.

126. The allegations of paragraph 126 are denied.

127. The allegations of paragraph 127 are denied.

128. Paragraph 128 fails to make an allegation of fact that can either be admitted or denied but rather states a conclusion and interpretation and argument by Plaintiff and/or Plaintiff's counsel.

129. Paragraph 129 fails to make an allegation of fact that can either be admitted or denied but rather states a conclusion. In further response, it is denied that the referenced handbook is facially unconstitutional or that Plaintiff is entitled to recover damages for the same.

130. Paragraph 130 fails to make an allegation of fact that can either be admitted or denied but rather states a conclusion. In further response, it is denied the referenced handbook is unconstitutional as applied.

131. The allegations of paragraph 131 are denied.

132. The allegations of paragraph 132 are denied.

133. The allegations of paragraph 133 are denied.

134. The allegations of paragraph 134 are admitted.

135. The allegations of paragraph 135 are denied.

136. The allegations of paragraph 136 are denied.

137. The allegations of paragraph 137 are denied.

138. Paragraph 138 fails to make an allegation of fact but rather states a conclusion of law. In further response, it is denied that Plaintiff is entitled to any recovery in this matter.

139. The allegations of paragraph 139 are denied.

140. The allegations of paragraph 140 are denied.

**COUNT II: VIOLATION OF THE FIRST AMENDMENT
TO THE UNITED STATES CONSTITUTION
Pursuant to 42 U.S.C. § 1983
(Sheriff Clint Shrum, in his official and individual capacity; Deputy T.J. Bean, in his official and individual capacity; Deputy Jane Doe, in her official and individual capacity)**

141. Defendants incorporate by reference their answers to paragraphs 1-140.

142. The allegations of paragraph 142 are denied.

143. The allegations of paragraph 143 are denied. In further response, it is admitted the sheriff's department is to serve warrants that are issued.

144. It is admitted that paragraph 144 contains an accurate although partial quote of the referenced code section and that the sheriff is act as stated in the referenced statute.

145. In response to paragraph 145, it is admitted that Defendant Shrum has policymaking authority.

146. It is admitted that paragraph 146 contains an accurate although partial quote of the referenced code section.

147. The allegations of paragraph 147 are denied.

148. The allegations of paragraph 148 are denied.

149. The allegations of paragraph 149 are denied.

150. The allegations of paragraph 150 are denied.

151. In response to paragraph 151, it is denied any action was taken against Plaintiff based on his speech regarding school policy.

152. The allegations of paragraph 152 are denied.

153. The allegations of paragraph 153 are denied.

154. The allegations of paragraph 154 are denied.

155. Paragraph 155 fails to make an allegation of fact but rather states a conclusion of law. In further response, it is denied that Plaintiff is entitled to any recovery in this matter.

156. The allegations of paragraph 156 are denied.

157. The allegations of paragraph 157 are denied.

**COUNT III: VIOLATION OF THE FOURTH AMENDMENT
TO THE CONSTITUTION OF THE UNITED STATES
Pursuant to 42 U.S.C. § 1983 (Sheriff Clint Shrum, in his official and individual capacity;
Deputy T.J. Bean, in his official and individual capacity; Deputy Jane Doe, in her official
and individual capacity)**

158. Defendants incorporate by reference its answers to paragraphs 1-157.

159. The allegations of paragraph 159 are denied. In further response, it is denied that Plaintiff was unlawfully arrested.

160. The allegations of paragraph 160 are denied.

161. The allegations of paragraph 161 are denied.

162. The allegations of paragraph 162 are denied. In further response it is averred that Plaintiff's arrest was lawful.

163. The allegations of paragraph 163 are denied.

164. Paragraph 164 states a conclusion of law. In further response, it is denied that Plaintiff was wrongfully or unlawfully arrested in violation of the Fourth Amendment.

165. The allegations of paragraph 165 are denied.

166. The allegations of paragraph 166 are denied.

167. The allegations of paragraph 167 are denied.

168. The allegations of paragraph 168 are denied.

169. The allegations of paragraph 169 are denied.

170. Paragraph 170 fails to make an allegation of fact but rather states a conclusion of law. In further response, it is denied that Plaintiff is entitled to any recovery in this matter.

171. The allegations of paragraph 171 are denied.

172. The allegations of paragraph 172 are denied.

### COUNT IV: DEFAMATION
### Pursuant to Tennessee Common Law
### (Crystal Stiefel)

173. Defendants incorporate by reference their answers to paragraphs 1-172.

174. The allegations of paragraph 174 are denied.

175. The allegations of paragraph 175 are denied as alleged.

176. The allegations of paragraph 176 are denied.

177. The allegations of paragraph 177 are denied.

178. The allegations of paragraph 178 are denied.

179. The allegations of paragraph 179 are denied.

180. The allegations of paragraph 180 are denied.

181. The allegations of paragraph 181 are denied.

182. The allegations of paragraph 182 are denied.

183. Paragraph 183 states a conclusion of law and Defendants are unable to admit or deny paragraph 183 at this time.

184. The allegations of paragraph 184 are denied.

# COUNT V: MALICIOUS PROSECUTION
## Pursuant to Tennessee Common Law
### (Daniel Richardson and Jamie Richardson)

185. Defendants incorporate by reference their answers to paragraphs 1-184.

186. The allegations of paragraph 186 are directed against other Defendants and no response is required of these Defendants. In further response, it is admitted that Defendant Daniel Richardson contacted law enforcement.

187. The allegations of paragraph 187 are directed against other Defendants and no response is required of these Defendants.

188. The allegations of paragraph 188 are directed against other Defendants and no response is required of these Defendants.

189. The allegations of paragraph 189 are directed against other Defendants and no response is required of these Defendants.

190. The allegations of paragraph 190 are directed against other Defendants and no response is required of these Defendants.

191. The allegations of paragraph 191 are directed against other Defendants and no response is required of these Defendants.

192. The allegations of paragraph 192 are directed against other Defendants and no response is required of these Defendants.

193. Defendants deny the allegations of paragraph 193.

194. The allegations of paragraph 194 appear to be directed against other Defendants and no response is required of these Defendants. To the extent paragraph 194 claims damages caused by these Defendants, the same is denied.

195. The allegations of paragraph 195 appear to be directed against other Defendants and no response is required of these Defendants. To the extent paragraph 195 claims damages caused by these Defendants, the same is denied.

196. Any and all other allegations contained in Plaintiff's Complaint to include any prayer for damages not specifically admitted, denied, or otherwise explained be and the same are hereby denied.

**SECOND DEFENSE**

Plaintiff's claims, some or all, are barred by the doctrine of qualified immunity. Defendants likewise did not act with deliberate indifference at any time as it relates to Plaintiff. Therefore, Plaintiff is not entitled to the relief prayed for in his Complaint.

**THIRD DEFENSE**

Plaintiff has asserted a theory of vicarious liability in his Complaint, to include claims under 42 U.S.C. § 1983. Vicarious liability, including respondeat superior, is not applicable to Plaintiff's stated cause of action and therefore to the extent that Plaintiff has asserted the same in his Complaint, they must be dismissed.

**FOURTH DEFENSE**

Plaintiff's alleged exercise of his right to free speech was not a motivating factor, substantial or otherwise, for any action taken by Defendants. Defendants did not retaliate against Plaintiff for his exercise of free speech or otherwise violated the First Amendment. It is further denied that the student handbook as referenced in Plaintiff's Complaint was facially unconstitutional or unconstitutional in any manner or that Defendants acted without a legitimate purpose and reason. Accordingly, Plaintiff's Complaint against Defendants must be dismissed.

**FIFTH DEFENSE**

Plaintiff's defamation claim against Defendant Stiefel must be dismissed on the grounds that Defendant Stiefel did not act with actual malice and on the grounds that the statements attributed to her were not false or made with reckless disregard for the truth.

**SIXTH DEFENSE**

Defendants are immune from some or all of the claims asserted by the Plaintiff in the Complaint. Defendants therefore rely upon common law and statutory immunity provisions, including, but not limited to the immunity provisions of the Tennessee Governmental Tort Liability Act T.C.A. § 29-20-201, including, without limitation, the applicable exceptions to removal of immunity under T.C.A. § 29-20-205.

**SEVENTH DEFENSE**

Plaintiff is not entitled to the recovery prayed for in his Complaint based upon his own actions and activities, which such actions and activities were the proximate cause of Plaintiff's arrest and of the events described in Plaintiff's Complaint. Therefore, Plaintiff is not entitled to the relief prayed for in his Complaint.

**EIGHTH DEFENSE**

Plaintiff is not entitled to the relief prayed for in his Complaint against Defendants Shrum or Bean. Plaintiff was arrested pursuant to the issuance of an arrest warrant and was therefore lawful. Defendants Shrum and Bean, as well as the Grundy County Sheriff's Department, was statutorily compelled to execute the arrest warrant. Accordingly, Plaintiff is not entitled to the relief prayed for in his Complaint against these Defendants and there was no unlawful or unreasonable seizure of Plaintiff's person as a result of the same.

### NINTH DEFENSE

Plaintiff's Complaint fails to state a claim or cause of action upon which relief can be granted as it relates to stated policies of Grundy County or any other Defendant. Plaintiff fails to identify with specificity any such policy claimed to be unconstitutional. Furthermore, Defendants did not have or enforce any unconstitutional policies, customs, or practices or act with deliberate indifference related to the same. Therefore, Plaintiff is not entitled to the relief prayed for in his Complaint.

### TENTH DEFENSE

Plaintiff's Complaint fails to state a claim or cause of action upon which relief can be granted.

### ELEVENTH DEFENSE

Defendant Kinsey raises the defense of insufficiency of process and insufficiency of service of process and her appearance and answer is not a waiver of such defenses.

### TWELFTH DEFENSE

Plaintiff is not entitled to the recovery of punitive damages as Defendants did not act in a manner sufficient to give rise to the same. Punitive damages likewise are not recoverable against a governmental entity in a § 1983 action. Defendants therefore aver that to the extent punitive damages are claimed in that respect, the same must be denied.

### THIRTEETH DEFENSE

Plaintiff has made a claim for attorney's fees. However, Plaintiff is not entitled to attorney's fees for all of his stated causes of action and therefore Defendants deny that the recovery of attorney's fees is appropriate as prayed for in Plaintiff's Complaint.

**FOURTEENTH DEFENSE**

Plaintiff's Complaint makes claims and allegations against other parties for whom these Defendants are not liable or responsible. Plaintiff can therefore have no recovery against these Defendants for the actions of such other parties to include Daniel Richardson and/or Danielle Richardson. Additionally, the actions of the other parties in this matter, to include Daniel Richardson, were the cause of Plaintiff's claimed damages and therefore Defendants plead the negligence and/or intentional actions of such parties as an affirmative defense to Plaintiff's claim for damages.

**FIFTEENTH DEFENSE**

To the extent that Plaintiff has made a claim for violation of his First Amendment rights, there was no unconstitutional or improper limitation or restriction on Plaintiff's right to free speech. Accordingly, Plaintiff can have no recovery for the same.

**SIXTEENTH DEFENSE**

Plaintiff was arrested pursuant to an arrest warrant that was issued by the Circuit Court Clerk of Grundy County, Tennessee. The arrest warrant was delivered to the Grundy County Sheriff's Office who was required to execute the same. Accordingly, Plaintiff is not entitled to any defense, resulting from the execution of an arrest warrant.

Respectfully submitted,

**SPICER RUDSTROM, PLLC**

By: /s/ B. Thomas Hickey, Jr.
B. Thomas Hickey, Jr., BPR #019195
Thomas E. LeQuire, BPR #06875
Attorneys for Defendants
537 Market Street – Suite 203
Chattanooga, TN 37402-1241
P: (423) 756-0262
F: (423) 756-8489
bth@spicerfirm.com

**CERTIFICATE OF SERVICE**

   I hereby certify that on this 14th day of January, 2020, I electronically filed this document along with any exhibits with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

    J. Alex Little
    Zachary C. Lawson
    Burr & Forman LLP
    222 Second Avenue South, Suite 2000
    Nashville, TN 37201

    Gregory M. O'Neal
    Law Office of Gregory M. O'Neal
    P. O. Box 555
    Winchester, TN 37398

        **SPICER RUDSTROM, PLLC**

        BY:  /s/ B. Thomas Hickey, Jr.